# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 1:08-cr-00015

KEITH J. POWELL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the counseled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 130) and the *Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 133). In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, Presentence Investigation Report, and motions and judgments related to post-conviction proceedings. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses. Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010

were in effect at the time the covered offense was committed." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194. Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction. First Step Act § 404(c). The First Step Act does not specify the statutory mechanism for imposing reduced sentences. Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required. *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.). This Court adopts the same procedure.

The Defendant was released from prison on November 2, 2018, and is currently serving an 8-year term of supervised release. The Defendant and the United States are in agreement that he is eligible for a reduction in his term of supervised release from eight years to six years.

Mr. Powell pled guilty to distributing five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), enhanced by a 21 U.S.C. § 851 Information. At the time of his conviction and sentence, he was subject to a statutory sentencing range of ten years to life and a mandatory minimum term of supervised release of eight years. Under current law, the statutory sentencing range for five grams of cocaine base is zero to twenty years followed by at least three years of supervised release, increased by the § 851 Information to zero to thirty years, followed by at least six years of supervised release.

Mr. Powell has completed his term of imprisonment, and so no reduction of the sentence of incarceration is available. The Court finds that the term of supervised release should be

reduced to the now-applicable mandatory minimum of six years. Because the maximum term of incarceration for his offense is now thirty years, it is a Class B offense, and the maximum penalty for any revocation of supervised release is three years. The Court finds that a six-year term of supervised release is sufficient to meet the goals of sentencing and effect the purposes of supervised release, including ensuring that the Defendant transitions into a productive, law-abiding lifestyle.

Having considered Mr. Powell's original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 130) be **GRANTED** and that the term of supervised release be **REDUCED** to **six years**, under the terms and conditions originally ordered.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 21, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA